UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dwight Longmore,<br>    *Plaintiff,*<br><br>    *v.*<br><br>United States of America, Drug Enforcement Administration,<br>    *Defendant.* | Civil No. 3:08cv594 (JBA)<br><br><br><br>May 21, 2009 |

**RULING ON MOTION TO DISMISS**

Plaintiff Dwight Longmore filed this civil action to challenge the forfeiture of various assets by the Drug Enforcement Administration ("DEA") in connection with his criminal prosecution for cocaine possession. Pursuant to Federal Rule of Civil Procedure 12(b), the DEA has moved to dismiss Longmore's Second Amended Complaint ("complaint") for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. As explained below, the Court concludes that it lacks jurisdiction over Longmore's claims as they are pleaded, but the Court grants Longmore leave to amend his complaint.

**I.     Background**

Longmore was convicted of cocaine possession, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and sentenced to 37 months' incarceration. Although his criminal sentence contained no fine provision, he did stipulate, in a separate civil proceeding, to forfeiture of $117,463.04, representing $94,131.59 in cash and $23,331.45 from a People's Bank checking account. *See* Stipulated Forfeiture Agreement, *United States v. Longmore*, No. 07-1635 (D. Conn. June 3, 2008).

The United States also seized assets valued at $175,749.66, representing $159,499.66 from other accounts at People's Bank, a 1988 Porsche 944 worth $6,075, and a 2002 Nissan

Pathfinder worth $10,175. After the assets were seized, Longmore filed claims with the DEA seeking their return. The DEA, however, considered Longmore's claims to be untimely filed, and deemed the assets administratively forfeited.

Longmore initiated this action in April 2008. In his complaint, Longmore invokes 18 U.S.C. § 983(g) and alleges that the DEA's "administrative forfeiture of $175,759.66 of [his] assets was constitutionally excessive," in violation of the Excessive Fines Clause of the Eight Amendment. (2d Am. Compl. ¶¶ 5, 35.)

II.   Discussion

In its motion, the DEA presses two grounds for dismissal. First, it argues, § 983(g) does not confer subject-matter jurisdiction on district courts to review administrative, as opposed to judicial, forfeiture decisions. Second, the DEA contends that Longmore's claims fail on the merits because the forfeiture here was not grossly disproportionate.

Section 983(g) was enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, § 2, 114 Stat. 202, 209. The legislative history indicates that subsection (g) was intended to codify *United States v. Bajakajian*, 524 U.S. 321, 324 (1998), which held that a "grossly disproportional" asset forfeiture is forbidden by the Excessive Fines Clause. 146 Cong. Rec. 5221, 5230-5232 (2000) (referencing *Bajakajian*); 145 Cong. Rec. 29722–23 (1999) (same). The provision in question reads in full:

(g) Proportionality.—

    (1) The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

    (2) In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.

    (3) The claimant shall have the burden of establishing that the forfeiture

> is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.
>
> (4) If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

18 U.S.C. § 983(g). Subsection (a)(4), to which subsection (g) refers, then provides:

> (4)(A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.
>
> (B) A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

18 U.S.C. § 983(a)(4).

While the statute elsewhere refers to both "judicial" and "non-judicial" proceedings, § 983(a)(4) strictly pertains to civil forfeiture actions filed by the United States in district court. In this case, however, Longmore filed his complaint to affirmatively challenge the forfeiture in a stand-alone proceeding. Longmore was involved in a civil forfeiture action brought by the United States, but it involved different assets, and was resolved by stipulated decree. The matter now before the Court is without question not a "case in which the Government files in the appropriate United States district court a complaint for forfeiture of property," and so Longmore cannot be considered a "claimant under subsection (a)(4)" as contemplated by § 983(g).

Longmore contends that *Bajakajian*, which predated CAFRA, confirms that he has

a "common law right to challenge the government's forfeiture as constitutionally excessive." (Pl.'s Opp'n [Doc. # 16] at 6.) That may be, but Longmore must still present that claim in a manner consistent with this Court's limited jurisdiction. *Cf.* U.S. Const., Art. III; 28 U.S.C. § 1346 (granting district courts jurisdiction over certain types of claims against the United States). Thus, although asset forfeitures are subject to the Excessive Fines Clause, the posture of this particular action is defective. The proportionality question is not before the Court on a motion to return seized property pursuant to Federal Rule of Criminal Procedure 41(g). *See United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 474 (2d Cir. 1992) (involving an earlier version of that provision codified at Rule 41(e)). Nor is this case before the Court as a civil forfeiture action filed by the United States. *See von Hofe v. United States*, 492 F.3d 175, 179 (2d Cir. 2007) (concerning a civil *in rem* forfeiture action filed against real property). The jurisdictional basis asserted in Longmore's complaint is § 983(g), which permits a proportionality challenge by a claimant only in a forfeiture action brought by the United States.

Alternatively, in his opposition Longmore seeks leave to amend his complaint so that he can "assert a cause of action based on the government's arbitrary abuse of discretion" in the course of the administrative forfeiture process. (Pl.'s Opp'n at 7–8.) The DEA has not filed any objection to this request. Absent objection, and to avoid penalizing Longmore on formalism grounds, the Court grants his motion for leave to amend.

**III.     Conclusion**

Accordingly, the DEA's Motion to Dismiss [Doc. # 13] is granted. The Court also grants Longmore's motion for leave to amend his complaint, which shall be filed no later than June 11, 2009. If the Plaintiff does not so amend his complaint, the Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of May, 2009.