UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dwight Longmore,<br>　　　*Plaintiff*, | Civil No. 3:08cv594 (JBA) |
| 　　　*v.* | |
| United States of America, Drug Enforcement<br>Administration,<br>　　　*Defendant*. | January 3, 2011 |

RULING ON MOTION TO DISMISS

Plaintiff Dwight Longmore alleges that by its administrative forfeiture under 18 U.S.C. § 983(a), *et seq.*, Defendant, the United States Drug Enforcement Agency ("DEA"), violated his Fourteenth Amendment due process rights, and he seeks either return of administratively forfeited assets and property or a new forfeiture proceeding that complies with agency procedure and due process of law.  Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.   For the following reasons, Defendant's motion to dismiss will be granted.

I.　　Background

　　A.　　Administrative forfeiture process

The DEA must notify parties with an interest in property it has seized of its intent to forfeit assets administratively.  18 U.S.C. § 983(a)(1).  Once notified, interested parties may choose to allow the forfeiture to proceed administratively or may compel the government to initiate a judicial forfeiture action by filing a claim for the property.  *Id.* § 983(a)(2). A party seeking to challenge the forfeiture of its interest in property in court must file a claim within the deadline set forth in the notice of forfeiture or, if it did not receive a notice letter, no later than thirty days after the final newspaper publication of the

notice of seizure. *Id.* § 983(a)(2)(B) (the deadline in the notice letter "may not be earlier than 35 days after the date the letter is mailed"). If an interested party files a timely claim, the administrative forfeiture is terminated and the DEA must file a complaint for judicial forfeiture in district court within ninety days or return the seized property. *Id.* § 983(a)(3). In the subsequent judicial forfeiture proceedings, the government bears the burden of proving, by a preponderance of the evidence, that the property is subject to forfeiture. *Id.* § 983(c)(1).

If no interested party files a claim, then the DEA may administratively forfeit the property by default, and the only option remaining for an interested party is to file a petition for remission or mitigation of the forfeiture with the DEA. *See* 28 C.F.R. § 9.3. "Petitions shall be considered any time after notice until the forfeited property is placed into official use, sold, or otherwise disposed of according to law, except in cases involving petitions to restore the proceeds from the sale of forfeited property." *Id.* § 9.3(a). "Whether the property or a monetary equivalent will be remitted to an owner shall be determined at the discretion of the Ruling Official" within the DEA. *Id.* § 9.7; *see Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 888 (D.C. Cir. 2009).

B.      Factual Background[1]

Plaintiff alleges that on May 10, 2007, he was arrested by local law enforcement, the United States Marshal Service, and the United States Department of Homeland Security.

---

[1] In adjudicating a motion under Rule 12(b)(1) for lack of subject–matter jurisdiction, a court may consider material outside the pleadings, including "by affidavit or otherwise." *Kamen v. Am. Tel & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Reference to outside material, however, should not include "conclusory or hearsay statements contained in the affidavits." *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

(Third Am. Compl. ¶ 4.) He was convicted of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of U.S.C. § 841(a)(1) and (b)(1)(c) and sentenced to 37 months incarceration. (*Id.* ¶¶ 5, 10.) When Longmore was arrested, the United States seized property and financial assets belonging to him.

On July 17, 2007, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), the DEA sent by certified mail to an apartment address in Stamford, Connecticut, notice of June 5, 2007 seizures of $5,227.76 from Longmore's People's Bank, Checking Account #35-0174475; $8,730.12 from Longmore's People's Bank, Brokerage Account #83009729; and $84,522.17 in proceeds from People's Bank, Certificate of Deposit #23-80101621-09, in Longmore's name. (Heironymous Aff., Ex. B to Mem. Supp. [Doc. # 30] ¶¶ 4(b), 6(b), 7(b).) On the same day, the DEA sent written notices of these seizures by certified mail, return receipt requested to Longmore at MacDougall–Walker Correctional Institution, where he was incarcerated, (*id.* ¶¶ 4(c), 5(c), 6(c)), which were signed for by an individual accepting delivery, and to People's Bank, attention Bill Gniazdowski, which was signed for on July 21, 2007. Notices of the seizures were published in *The Wall Street Journal* once each week for three successive weeks: July 30, August 6, and August 13, 2007. The published and mailed notices explained that Longmore had the option of filing a claim with the DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court. The notices also stated that the deadline to file a claim was August 21, 2007, or September 13, 2007 if the notices were not received by mail. The notices also explained the option of filing a petition for remission or mitigation and stated that such petition must be filed within thirty days of receipt of the notices. On October 3, 2007, after not receiving claims for assets in the

checking and brokerage accounts and the Certificate of Deposit, and after the time limit for filing a claim had expired, the DEA forfeited those assets.

On May 10, 2007, the DEA seized Longmore's Porsche 944. On July 19, 2007, the DEA sent by certified mail written notices of this seizure to Longmore at the Stamford apartment and at MacDougall–Walker Correctional Institution, both of which were signed for. The DEA then published notice in the *Wall Street Journal*, also for the weeks of July 30, August 6, and August 13, 2007. These notices all provided as deadlines for claiming the seized Porsche either August 23, 2007, or September 13, 2007 if mailed notice was not received, and advised of the option of filing a petition for remission or mitigation of forfeiture within thirty days of receipt of notice. The DEA never received a claim or petition for remission or mitigation, and on October 3, 2007, it forfeited Plaintiff's Porsche. The car was disposed of on February 8, 2008. (Apr. 2 Ltr. re: Porsche, Ex. B. to Third Am. Compl.)

On May 10, 2007, the DEA seized Longmore's 2002 Nissan Pathfinder. On July 13, 2007, the DEA sent written notices of this seizure by certified mail to Longmore at the Stamford apartment and at the MacDougall–Walker Correctional Institution, both of which were signed for. The DEA then published notice in the *Wall Street Journal*, for the weeks of July 23, July 30, and August 6, 2007. These notices all provided as deadlines for claiming the seized Nissan either August 17, 2007 or September 6, 2007, if mailed notice was not received, and also provided the option of filing a petition for remission or mitigation of forfeiture within thirty days of receipt of notice. The DEA never received a claim or petition,

and on September 20, 2007, it forfeited Plaintiff's Nissan.  The car was disposed of on November 26, 2007.[2]  (Apr. 2 Ltr. re: Nissan, Ex. B to Third Am. Compl.)

On June 5, 2007 the DEA seized $61,019.73 in proceeds from People's Bank, Money Market Account #138-6001376-00.  On July 9, 2007, the DEA sent written notices of this seizure to Longmore at the Stamford apartment and to Bill Gniazdowski at the Bridgeport branch of People's Bank, both of which were signed for.  The DEA then published notice in the *Wall Street Journal*, for the weeks of July 30, August 6, and August 13, 2007.  According to John Cipriani, DEA Acting Forfeiture Counsel in the DEA Asset Forfeiture Section, that office realized on July 26, 2007 that "Dwight Longmore may be incarcerated."  (Cipriani Decl. ¶ 4(e).) The Asset Forfeiture Section contacted the DEA field office in Connecticut and verified that Longmore was indeed incarcerated at MacDougall–Walker, and on August 24, 2007, the DEA sent written notice of Money Market Account proceeds seizure to Longmore at that facility.  Because receipt of the notice was never confirmed, on October 5, 2007, the DEA again sent notice to Longmore at MacDougall–Walker, which was signed for on October 12, 2007.  That notice specified that Longmore had until November 9, 2007 to file a claim for these seized assets and also provided the option of filing a petition for remission or mitigation of forfeiture within thirty days of receipt of notice.  (Ex. 69 to Heironymous Aff.)  On November 27, 2007, after not receiving any claims or petitions and after the deadline passed, the DEA forfeited these assets.

---

[2] Although the April 2, 2008 letter from the Asset Forfeiture Section to Plaintiff's counsel, David Gronbach, states that the car was disposed of on November 26, 2008, counsel clarified at oral argument that the car was disposed of on November 26, 2007.

On the day of Plaintiff's arrest, on May 10, 2007, the DEA seized $94,131.59 in cash from him.  On July 9, 2007, the DEA sent written notices of this seizure to Longmore at the Stamford apartment and at the MacDougall–Walker Correctional Institution, both of which were signed for.  The DEA then published notice in the *Wall Street Journal*, for the weeks of July 23, July 30, and August 6, 2007.  These notices all provided as deadlines for claiming the seized cash either August 17, 2007 or September 6, 2007, if mailed notice was not received, and provided the option of filing a petition for remission or mitigation of forfeiture within thirty days of receipt of notice.  On August 8, 2007, the DEA received a "Notice of Contest to Forfeiture of Property," "Request for Remission of Asset Forfeiture," and "Request for Mitigation of Asset Forfeiture" from Michael Barrett, Longmore's attorney, seeking return of the cash.  (*See* Ex. 51 to Heironymous Aff.)  Then on August 15, 2007, the DEA referred the claim for the cash forfeiture to the United States Attorney for judicial forfeiture proceedings.  (Heironymous Aff. ¶ 9(f).)  Longmore has since stipulated to the forfeiture of the cash (Third. Am. Compl. ¶ 25.)

On June 5, 2007, the DEA seized $46,662.90 in proceeds seized from Longmore's People's Bank, Brokerage Account # 221-30019-16.  On July 10, 2007, the DEA sent written notices of this seizure to Longmore at the Stamford apartment and at MacDougall–Walker Correctional Institution, and to Bill Gniazdowski at People's Bank, all of which were signed for.  The DEA then published notice in the *Wall Street Journal* for the weeks of July 23, July 30, and August 6, 2007.  These notices all provided as deadlines for claiming these assets either August 14, 2007 or September 6, 2007, if mailed notice was not received, and provided the option of filing a petition for remission or mitigation of forfeiture within thirty days of receipt of notice.  On August 8, 2007, the DEA received a "Notice of Contest to Forfeiture

of Property," "Request for Remission of Asset Forfeiture,"and "Request for Mitigation of Asset Forfeiture" from Michael Barrett, Longmore's attorney, seeking return of these assets. (*See* Ex. 60 to Heironymous Aff.)  On August 15, 2007, the DEA referred the claim for the these assets to the United States Attorney for judicial forfeiture proceedings.  (Heironymous Aff. ¶ 9(f).)  Longmore has stipulated to the forfeiture of $23,331.45 of this asset, and the Government agreed to return the remaining $23,331.45 to Longmore.  (Third Am. Compl. ¶ 27.)

On February 29, 2008, DEA Special Agent Dana Mofenson and Assistant United States Attorney David Sullivan met with Longmore's counsel, David Gronbach and Martin Minella, to finalize the settlement of the judicial forfeiture of the seized cash and $46,662.90 in proceeds from Brokerage Account # 221-30019-16. (Mofenson Aff., Ex. A to Mem. Supp. [Doc. # 30] at 2.)  During the meeting, Longmore's attorneys requested that the Government return a portion of the assets already forfeited as no claim had been timely asserted.  (*Id.*) Sullivan explained that Government would not return those funds, because the forfeiture process had been completed.  (*Id.*)  Thereafter, on February 29 and March 3, 2008, Longmore and his attorney David Gronbach sent to the DEA notices of contest and petitions for remission or mitigation of the forfeiture of all of these assets apart from the $94,131.59 in cash and the $46,662.90 in proceeds from Longmore's People's Bank, Brokerage Account # 221-30019-16.  On April 2, 2008, the DEA denied these petitions.  By letters to Gronbach, the DEA reiterated its position that the filing deadlines for claims had passed and that the DEA accepted petitions for remission or mitigation only until assets were forfeited, and the assets Longmore sought had already been forfeited.

7

Longmore filed suit against the DEA in April 2008 under 18 U.S.C. § 983(g), alleging that the DEA's administrative forfeiture of $175,759.66 of his assets was excessive, in violation of the Excessive Fines Clause of the Eighth Amendment. The DEA filed a motion to dismiss, which the Court granted, because the jurisdictional basis given, Section 983(g), permits a proportionality challenge by a claimant only in a forfeiture action brought by the United States. Nonetheless, the Court granted Longmore leave to file an amended complaint, absent objection from the DEA. Longmore filed a Third Amended Complaint, which the DEA now moves to dismiss.

II.     Discussion

In his Third Amended Complaint, Longmore invokes jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. § 1331, claiming that the DEA deviated from 28 C.F.R. §§ 9.1–9.7 by refusing to consider his petitions for remission or mitigation because his assets and cars had already been forfeited. The Government moves under Rule 12(b)(1) to dismiss for lack of subject–matter jurisdiction.[3] The DEA argues that neither 5 U.S.C. § 702 nor 28 U.S.C. § 1331 confers jurisdiction upon the Court to review administrative forfeiture cases at this stage and that neither statutory provision waives the Government's sovereign immunity, because Longmore had sufficient notice and an opportunity to administratively

---

[3] A case may be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject-matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *Id.*; *see also Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996) ("The burden of proving jurisdiction is on the party asserting it") (internal quotation marks omitted).

challenge the forfeitures in question and failed to do so, and he has not alleged a wrongful agency action.

Generally, 5 U.S.C. § 702 provides judicial relief for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." Section 702 creates jurisdiction and "waives sovereign immunity in an action seeking equitable relief from *wrongful agency action*, except where (i) the action also seeks monetary relief; (ii) there is an adequate remedy at law; or (iii) the action is precluded by from judicial review by statute or committed to agency discretion." *Polanco v. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998) (emphasis added). In *Polanco*, subject–matter jurisdiction existed under Section 702 and 28 U.S.C. § 1331 because the plaintiff alleged a "wrongful agency action," *i.e.*, that the DEA "depart[ed] from [its] forfeiture procedures," by "fail[ing] to 'apprise [the plaintiff] of the Government's intentions to forfeit the said currency. . . . Thus, [he] was never given a fair opportunity or adequate remedy at law to challenge the seizure of his property." *Id.* at 650–51.

In contrast, Longmore has not alleged, and the record is devoid of evidence that the DEA departed from its forfeiture procedures set out in 28 C.F.R. § 9.1–9.7. Whereas the plaintiff in *Polanco* was never told that the government had seized and would forfeit his property, there is no evidence that Longmore lacked notice of any forfeiture. Longmore instead claims as wrongful agency action the DEA's "arbitrary denial" of his petition for remission "simply because the money had already been forfeited" and the DEA's forfeiture of his assets, despite "its knowledge that the owner . . . intended to challenge forfeiture."

Each remission denial letter the DEA sent, explaining that Longmore's petitions were denied because the assets had already been forfeited, was consistent with 28 C.F.R. § 9.3(a),

which provides that petitions are only considered until "forfeited property is placed into official use, sold, or otherwise disposed of according to law."  There is no evidence that Longmore or his attorneys ever filed a claim or in any way indicated to the DEA prior to the February 29, 2008 meeting between Longmore's attorneys and Government officials—after those assets and property had been forfeited—that Longmore intended to challenge the seizure of assets in question.  (*See* Mofenson Aff., Ex. A to Mem. Supp.)  Although Longmore timely filed claims related to his seized cash and People's Bank, Brokerage Account # 221-30019-16 proceeds, there is no evidence that the DEA had any reason to think he would claim or petition for remission of forfeiture of any other seized assets before they were forfeited.

The record shows that the DEA followed the administrative forfeiture procedures as set forth in the regulations.  As detailed above for each seizure and forfeiture, the DEA sent written notices by certified mail, all of which were signed for at Longmore's Stamford apartment, at the correctional institution where he was incarcerated, and at the bank where his assets were held, and the DEA published weekly notices as required in the *Wall Street Journal*.  Those notices specified procedures and deadlines to submit claims and to petition for remission or mitigation.  It was only after deadlines to file claims passed that the DEA forfeited the seized assets and property.  When Plaintiff petitioned for remission and mitigation, the DEA provided written explanations for why his petitions were denied, namely that it could not consider his petitions after his assets had been forfeited.  Thus, since Congress provided the statutory mechanism for challenging administrative forfeiture, which the DEA appears to have complied with, Longmore cannot demonstrate that he was

10

aggrieved by any wrongful agency action such that Section 702 would confer subject–matter jurisdiction and waive sovereign immunity.

Plaintiff's reliance on 28 U.S.C. § 1331 as a jurisdictional basis is also misplaced because the federal question statute does not, in and of itself, waive sovereign immunity. *See Doe v. Civiletti*, 636 F.2d 88, 94 (2d Cir. 1980) ("Section 1331 is in no way a general waiver of sovereign immunity. Such a waiver, if it exists at all, must be sought in the statute giving rise to the cause of action."). Because Plaintiff has failed to demonstrate or allege an actionable wrongful agency action, and Section 702 does not waive sovereign immunity without such a wrongful agency action, neither does Section 1331.

III. Conclusion

Accordingly, Defendant's [Doc. # 30] Motion to Dismiss for Lack of Jurisdiction is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED.

<u>     /s/                                        </u>
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of January, 2011.